IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TERRI A. ROBINSON, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO.: CV206-170
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
    Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge L. Ellis Davis ("ALJ Davis" or "the ALJ") denying her claim for Disability Insurance Benefits. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed an application for Disability Insurance Benefits on June 16, 2003, alleging that she became disabled on September 22, 2001 due to a bulging disc and an inability to stand, walk, or sit for long periods of time. (Tr. at 19). After her claims were denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. (Tr. at 18). On June 22, 2005, ALJ Davis held a hearing at which Plaintiff testified and was represented by Tonjia Crawford-Chambers. (Tr. at 18, 380). Mark Leaptrot, a vocational expert, was present and testified at the hearing. (Tr. at 18). ALJ Davis found

AO 72A
(Rev. 8/82)

1

that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 5).

Plaintiff, born on March 19, 1961, was forty-four (44) years old when ALJ Davis issued his decision. She has a high school education. (Tr. at 18). Her past work experience includes employment as manager of a retail store, certified nursing assistant, security guard, and cashier. (Tr. at 18-19).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines whether the claimant is engaged in a "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in a substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If

the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine whether the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that after the alleged onset date of September 22, 2001, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 19). At step two, the ALJ determined that Plaintiff has degenerative disc disease and depression, impairments that are considered "severe" within the Act. (Tr. at 25). However, the ALJ concluded that Plaintiff's medically determinable impairments did not meet or medically equal, either singly or in combination, a listed impairment. (Id.). At the next step, the ALJ found that Plaintiff retained the residual functional capacity to perform light exertional work activity with no more than occasional climbing, stooping, balancing, crouching, and crawling and has a limited but satisfactory ability to deal with work stresses and in maintaining attention and concentration. (Tr. at 26). Finally, ALJ Davis concluded that, based on Plaintiff's ability to perform a significant range of light work, there are a significant number of jobs existing in the national economy that she could perform. (Tr. at 28). Accordingly, ALJ Davis determined that Plaintiff was not disabled within the meaning of the Act.

## ISSUES PRESENTED

I. Whether the ALJ properly considered Plaintiff's subjective complaints of pain.

II. Whether the ALJ properly considered Plaintiff's impairments in combination.

III. Whether the ALJ properly considered the opinions of Plaintiff's treating physicians.

IV. Whether the ALJ properly considered the vocational expert's testimony.

## DISCUSSION AND CITATION TO AUTHORITY

I. **The ALJ Properly Considered Plaintiff's Subjective Complaints.**

Plaintiff contends that ALJ Davis erred in rejecting her allegations of pain. (Doc. No. 8, p. 14). Defendant, however, asserts that the ALJ considered Plaintiff's subjective complaints and properly found them only partially credible. (Doc. No. 11, pp. 11-12).

In order to establish a disability based on subjective testimony of pain and other symptoms, a claimant must satisfy the "pain standard," which requires:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). After considering a claimant's subjective testimony, the ALJ may reject her complaints as not credible, and that determination will be reviewed for substantial evidence. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992). If the ALJ does discredit the claimant's testimony, he must articulate "explicit and adequate reasons" for this decision. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.

1987). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995).

In applying the pain standard to the instant case, ALJ Davis found Plaintiff's subjective testimony not fully credible to show an inability to perform light work with certain limitations. Specifically, the ALJ found that Plaintiff's allegations were not consistent with the medical evidence of record. (Tr. at 26). The ALJ properly rejected Plaintiff's subjective testimony about her symptoms because substantial evidence existed in the record to determine that Plaintiff's claims were not credible to the extent she alleged. ALJ Davis noted Plaintiff's claims of disabling symptoms, but specifically discounted them as inconsistent with the medical evidence.

The medical evidence included reports that following a posterior lumbar interbody arthrodesis and insertion of interbody infusion devices in November 2004, Plaintiff was feeling much better and had good vertebral alignment. (Tr. at 22). In May of 2004, a consulting physician determined that Plaintiff could perform light exertional work with certain limitations. (Tr. at 26). Furthermore, the ALJ noted that the degree of Plaintiff's complaints of disabling symptoms was belied by her testimony that she is able to dress herself. (Id.). It is clear that the ALJ properly applied the pain standard and substantial evidence exists in the record to support the ALJ's explicit credibility determination.

II.     **The ALJ Properly Considered Plaintiff's Impairments in Combination.**

Plaintiff next contends that the ALJ failed to consider the combined effects of her impairments in making his determination. Plaintiff alleges that the combination of her musculoskeletal and mental impairments and the pain derivative therefrom were at least

AO 72A
(Rev. 8/82)

5

equal in severity and duration to a listing. (Doc. No. 8, p. 12). Conversely, Defendant asserts that the ALJ did consider the combined effect of Plaintiff's impairments and determined that the combination did not constitute a disability.

Where no impairment alone is disabling, the combined effect of a person's impairments may still amount to a finding of disability. Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987). Accordingly, the ALJ is required to make a specific finding as to the effect of the combination of a claimant's impairments and as to whether such effect is disabling. Here, ALJ Davis's statement that Plaintiff's impairments of degenerative disc disease and depression are not severe enough to meet or medically equal, *either singly or in combination*, a listed impairment, sufficiently indicates that he considered the combined effect of the impairments. See Jones v. Dep't of Health and Human Services, 941 F.2d 1529, 1533 (11th Cir. 1991).

### III. The ALJ Properly Considered the Opinions of Plaintiff's Treating Physician.

Plaintiff asserts that the ALJ improperly discounted the opinion of Dr. Gold, her treating physician, who found limitations resulting in an inability to perform a full range of even sedentary work. (Doc. No. 8, p. 22). Plaintiff contends that the ALJ's treatment of this doctor's opinion fails to properly articulate the weight given to the opinion. Defendant asserts that the ALJ properly evaluated and weighed all of the medical evidence of record and did not err in rejecting Dr. Gold's opinion.

A treating physician's opinion is entitled to substantial weight unless good cause not to do so exists. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). There is good cause when the medical opinion is conclusory, unsupported by objective medical findings, or not supported by

AO 72A
(Rev. 8/82)

6

evidence from the record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards, 580 F.2d at 583. When the ALJ rejects the opinion of the treating physician, he must specify that he is doing so and must articulate a reason for not giving the opinion weight. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

In concluding that Plaintiff is not disabled, the ALJ reviewed the medical evidence of record. ALJ Davis reviewed the findings of Dr. Gold, and specifically noted Dr. Gold's physical residual functional capacity analysis of Plaintiff completed in June 2005. (Tr. at 23). ALJ Davis considered Dr. Gold's opinion that "during a typical work day the claimant experiences pain or other symptoms that are severe enough to constantly interfere with attention and concentration needed to perform even simple tasks" and that "claimant needs a job that would permit shifting positions at will from sitting, standing or walking." (Id.). The ALJ, however, specifically discounted Dr. Gold's opinion on this point, because "it is inconsistent with claimant's own statement of activities of daily living." (Id.). Indeed, the medical records supplied by Dr. Diane Sanders, Ph.D. from July 2004 indicate that Plaintiff "recently went through the stress of planning a family reunion and having the reunion at her home," (Tr. at 372), a point noted by the ALJ in discrediting Plaintiff's subjective testimony (Tr. at 23). Plaintiff also testified that she sometimes cleans dishes, goes shopping with her husband, drives three days a week, bathes herself daily and dresses herself "if it's open clothes." (Tr. at 400-404). Accordingly, the ALJ had "good cause" to discount the opinion of Dr. Gold. The ALJ did not err in the weight he gave that opinion.

AO 72A
(Rev. 8/82)

7

evidence from the record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards, 580 F.2d at 583. When the ALJ rejects the opinion of the treating physician, he must specify that he is doing so and must articulate a reason for not giving the opinion weight. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

In concluding that Plaintiff is not disabled, the ALJ reviewed the medical evidence of record. ALJ Davis reviewed the findings of Dr. Gold, and specifically noted Dr. Gold's physical residual functional capacity analysis of Plaintiff completed in June 2005. (Tr. at 23). ALJ Davis considered Dr. Gold's opinion that "during a typical work day the claimant experiences pain or other symptoms that are severe enough to constantly interfere with attention and concentration needed to perform even simple tasks" and that "claimant needs a job that would permit shifting positions at will from sitting, standing or walking." (Id.). The ALJ, however, specifically discounted Dr. Gold's opinion on this point, because "it is inconsistent with claimant's own statement of activities of daily living." (Id.). Indeed, the medical records supplied by Dr. Diane Sanders, Ph.D. from July 2004 indicate that Plaintiff "recently went through the stress of planning a family reunion and having the reunion at her home," (Tr. at 372), a point noted by the ALJ in discrediting Plaintiff's subjective testimony (Tr. at 23). Plaintiff also testified that she sometimes cleans dishes, goes shopping with her husband, drives three days a week, bathes herself daily and dresses herself "if it's open clothes." (Tr. at 400-404). Accordingly, the ALJ had "good cause" to discount the opinion of Dr. Gold. The ALJ did not err in the weight he gave that opinion.

## IV. The ALJ Properly Considered the Vocational Expert (VE) Testimony.

Finally, Plaintiff asserts that the ALJ failed to properly consider the vocational expert's answers to the hypotheticals propounded at the hearing. Specifically, Plaintiff appears to contend that the ALJ erred in not relying on the VE's answers to hypotheticals posed by the ALJ and by Plaintiff's counsel which included certain additional limitations beyond those which the ALJ found existed.

The ALJ concluded that based on the evidence of record, Plaintiff "retains the residual functional capacity to perform light exertional work activity with no more than occasional climbing, stooping, balancing, crouching and crawling and has a limited but satisfactory ability to deal with work stresses and in maintaining attention and concentration." (Tr. at 26). The ALJ's first hypothetical to the VE contained these *exact* limitations:

> Assume that I find on the basis of the credible evidence before me that the claimant's demonstrated exertional impairments reflect a residual functional capacity for a wide range of light work on a sustained basis. Sir, if you could further assume that she has demonstrated certain significant non-exertional impairments principally relating to postural restrictions which would preclude her from work in requiring more than occasional climbing, stooping, balancing, crouching, and crawling. . . . Her ability to maintain attention and concentration is limited but satisfactory.

(Tr. at 405-406). Given these limitations, the VE testified that there are jobs existing in the general area in which she lives or in the several regions of the country that she could perform. Specifically, the VE testified that such positions include general office clerk, mail clerk in an office situation, and information clerk. (Tr. at 406). Thus, ALJ Davis appropriately used a vocational expert to testify as to whether these limitations, which were the limitations he eventually found Plaintiff to have based on the evidence

before him, would preclude Plaintiff from performing other jobs in the national economy. The vocational expert identified three jobs that Plaintiff could perform given her identified limitations. (Tr. at 28). The subsequent hypotheticals posed to the VE by the ALJ and by Plaintiff's representative assumed additional limitations which the ALJ ultimately found to be unsupported by the record evidence. Thus, Plaintiff's suggestion that ALJ Davis should have based his determination at Step Five on the VE's responses to these hypotheticals is simply without merit. Because the ALJ posed a hypothetical consistent with the RFC, which was supported by substantial evidence, and relied upon the VE's response to the same in his Step Five determination, the ALJ's consideration of the VE's testimony was not in error.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 14th day of May, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE