# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

TERRI A. ROBINSON, )
)
      Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV206-170
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
      Defendant. )

## ORDER

After an independent review of the record, this Court concurs with the Magistrate Judge's recommendation that the decision of the Commissioner be affirmed. Plaintiff has filed Objections to the Report and Recommendation, wherein she contends that that the Magistrate Judge erred in finding the ALJ's decision supported by substantial evidence. Plaintiff contends that the ALJ's decision should be reversed or, in the alternative, remanded for further adjudication.

First, Plaintiff asserts that the Magistrate Judge erred in finding that the ALJ had sufficient reason to discount her subjective complaints of pain. (Doc. No. 16, p. 2). Plaintiff generally alleges that her activities of daily living and her ability to sustain familial relationships should not have disqualified her from disability. Plaintiff contends that, in the Eleventh Circuit, the existence of these factors is not determinative where disabling impairments exist. (Id.). The cases cited by Plaintiff are easily distinguishable from her own case. For example, in Hogard v. Sullivan, 733 F. Supp. 1465, 1469 (M.D.

Fla. 1990), the Plaintiff had gotten married, adopted a child, and was raising her two children. The court held that the ability to sustain a family relationship does not, *in itself*, constitute substantial evidence upon which to reject a claimant's subjective complaints. (Id. at 1469-1470). However, in that case, "neither the ALJ nor the Appeals Council cited any additional reasons for rejecting plaintiff's testimony as to his subjective complaints." Id. at 1470. As the Magistrate Judge explained, in this case, the ALJ rejected Plaintiff's subjective complaints of pain because they were inconsistent with the medical evidence. The fact that Plaintiff is able to dress herself was only one factor belying Plaintiff's testimony as to the degree of her symptoms; it was not the only reason for the ALJ's rejection of her subjective complaints. The Court concurs with the Magistrate Judge's determination that substantial evidence supports the ALJ's rejection of Plaintiff's subjective complaints of pain.

Next, Plaintiff asserts that the ALJ failed to consider her impairments in combination. Plaintiff contends that the combined effect of Plaintiff's physical and mental impairments on her ability to do work were not adequately considered. (Doc. No. 16, p. 3). As the Magistrate Judge stated, however, "ALJ Davis's statement that Plaintiff's impairments of degenerative disc disease and depression are not severe enough to meet or medically equal, *either singly or in combination*, a listed impairment, sufficiently indicates that he considered the combined effect of the impairments." (Doc. No. 12, p. 6). Accordingly, this objection is wholly without merit.

Plaintiff next appears to contend that the Magistrate Judge erred in his determination that the ALJ had "good cause" to discount the opinions of Plaintiff's treating physician. Specifically, Plaintiff asserts that the findings of Dr. Gold as to

AO 72A
(Rev. 8/82)

2

Plaintiff's physical capabilities should have been given controlling weight. (Doc. No. 16, p. 4). The Court, however, concurs with the Magistrate Judge's finding that the ALJ had good cause to reject Dr. Gold's opinion. The ALJ explicitly articulated that Dr. Gold's opinion was inconsistent with Plaintiff's activities of daily living, which constitutes sufficient good cause for discounting his findings.

Finally, Plaintiff alleges that the ALJ's hypothetical questioning of the vocational expert was "flawed," because it did not include the side-effects of Plaintiff's medications, her pain, or depression. (Doc. No. 16, p. 6). This is a slightly different position from that taken by Plaintiff in her original brief in support of reversal, wherein she argued that "[a]lthough the hypotheticals imposed [sic] to the Vocational Expert at the hearing presented exertional limitations and non-exertional limitations of pain including side-effects from medications, none of these considerations were factored into the Secretary's decision . . . ." (Doc. No. 8, p. 18). What is clear, however, is that the vocational expert testimony relied upon by the ALJ was given in response to a hypothetical which contained the exact limitations the ALJ found based on the evidence of record. See Doc. No. 12, p. 8. As the Magistrate Judge explained, these "were the limitations [the ALJ] eventually found Plaintiff to have based on the evidence before him . . . ." (Doc. No. 12, pp. 8-9). The subsequent hypothetical assumed limitations as to medicinal side effects and pain, which the ALJ ultimately found unsupported by the record evidence. Accordingly, the Court concurs with the Magistrate Judge that the ALJ's consideration of the vocational expert's testimony was not in error.

The Magistrate Judge's Report and Recommendation is adopted as the opinion of this Court. The decision of the Commissioner is hereby **AFFIRMED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this 25 day of July, 2007.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA